IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ICON HEALTH AND FITNESS, INC., <br> Plaintiff, <br> vs. <br> BEACHBODY, LLC, <br> Defendant. | ORDER AND <br> MEMORANDUM DECISION <br><br> Case No. 1:11-CV-00024-TC |

Plaintiff ICON Health and Fitness, Inc. (ICON) brings this action seeking declaratory relief against Beachbody, LLC (Beachbody). Before the court is Beachbody's motion to dismiss or transfer venue (Dkt. No. 5). Having fully reviewed the parties' briefs, the court finds that ICON's declaratory judgment action is an improper anticipatory filing. Accordingly, Beachbody's motion to dismiss is granted, and the case is dismissed.

## BACKGROUND

ICON and Beachbody promote and sell competing home fitness programs -- ICON's Rip:60™ program and Beachbody's P90X® and Insanity® programs. On February 1, 2011, legal counsel for Beachbody sent a demand letter to ICON notifying ICON that it was making false and unsubstantiated advertising claims disparaging to Beachbody's products, P90X® and Insanity®. The letter specifically identified which ICON advertising claims Beachbody objected to and informed ICON that its "false and misleading claims [are] likely to cause injury to Beachbody, LLC, and give rise to liability under the federal Lanham Act, FTC regulations, and

analogous state false advertising laws." (Ex. A to Chad Hummel Decl. [Dkt. No. 7-1].) Beachbody demanded that ICON substantiate its claims or stop disseminating them by 5:00 p.m. on February 4, 2011. Beachbody stated that it "hopes to resolve this matter amicably. However, if we do not hear from you by then, we will take all necessary and appropriate actions . . . to protect Beachbody, LLC's rights." (Id.)

ICON responded to Beachbody's letter and asked for additional time, which Beachbody allowed. Three days later, on February 4, ICON filed this declaratory relief action seeking a declaration that it had not engaged in actionable false advertising. But ICON did not immediately serve the complaint. Rather, on February 8, ICON requested that Beachbody enter into a confidentiality agreement in order to protect itself before producing the demanded substantiation. After some confusion over who was the real party involved, Beachbody sent an executed confidentiality agreement on March 1. In the meantime, Beachbody had sent a second letter to ICON demanding that it provide the requested substantiation by March 1, which ICON did on March 2, after Beachbody executed the confidentiality agreement.

After reviewing the substantiation materials, Beachbody felt that ICON had failed to provide legally sufficient substantiation for its advertising claims. Accordingly, Beachbody sent another letter to ICON demanding that ICON take action by March 4, or at least that it promise by March 4 that it would take action. ICON responded that the one-day deadline was unacceptable and that it would respond to the demands as soon as practically possible. With no further response from ICON, Beachbody filed its false advertising complaint, captioned Beachbody, LLC v. ICON Health & Fitness, Inc., No. 2:11-cv-02984, in the United States District Court for the Central District of California on March 8, and served the complaint on

2

ICON. One day later, on March 9, ICON served its declaratory judgment complaint on Beachbody.

Beachbody contends that ICON's declaratory judgment action was improperly filed in anticipation of Beachbody's later-filed suit for damages and should be dismissed as an exception to the first-to-file rule.

**ANALYSIS**

A court may decline to exercise jurisdiction to hear a declaratory judgment action. 28 U.S.C. § 2201. The District of Utah has adopted the following factors to determine whether a court should exercise jurisdiction:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to res judicata'; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

Republic Ins. Co. v. Sinclair Oil Corp., 791 F. Supp. 278, 280 (D. Utah 1992) (quoting Grand Truck W.R.R. v. Consol. Rail Corp., 746 F.2d 323, 326 (6th Cir. 1984)).

Here, the fourth factor is irrelevant because there is not a case pending in state court. And the court finds the first, second, and fifth factors to be neutral and weigh in neither party's favor. Under the first factor, the court is uncertain whether this action will settle the controversy. ICON's declaratory judgment complaint seeks a declaration that ICON's actions "do not give rise to liability under the federal Lanham Act, FTC regulations, state false advertising laws, or any other applicable laws" generally. (Compl. ¶ 18 (emphasis added).) But Beachbody's false advertising complaint specifically alleges violations of California Unfair Competition Law and

3

California False Advertising Law, in addition to violations of the Lanham Act. (Ex. C to Chad Hummel Decl. [Dkt. No. 7-3].) Similarly, under the second factor, the declaratory action could clarify some legal relations, but potentially not all without consideration of California law. And under the fifth factor, there is an alternative remedy: the action for damages pending in the Central District of California.

The third factor -- whether ICON is using this action for procedural fencing -- is the most significant factor to the court. The Tenth Circuit generally applies the first-to-file rule, which provides that when duplicative lawsuits are pending in separate federal courts, the entire action should be decided by the court in which the action was first filed. Buzas Baseball, Inc. v. Bd. of Regents of the Univ. of Ga., No. 98-4098, 1999 WL 682883, at *2 (10th Cir. Sept. 2, 1999) (unpublished). But a district court "may decline to follow the first-to-file rule and dismiss a declaratory judgment action if that action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction." Id. at *3; see, e.g., Guthy-Renker Fitness LLC v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 271 (C.D. Cal. 1998) (implying that the first-to-file rule does not carry the same force in situations when the first-filed suit is deemed anticipatory because the first-to-file rule should not encourage a "race to the courthouse door in an attempt to preempt a later suit in another forum"); Ontel Prods., Inc. v. Project Strategies Corp., 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995) ("[O]ne exception [to the first-to-file rule] exists where the first-filed suit constitutes an 'improper anticipatory filing.'"). And district courts are afforded discretion when deciding whether the first-to-file rule or an exception to that rule applies to the case at hand. MedSpring Grp., Inc. v. Atl. Healthcare Grp., Inc., No. 1:05-cv-115, 2006 WL 581018, at *3 (D. Utah March 7, 2006) (unpublished).

Importantly, ICON filed a declaratory action. As the court in Ontel pointed out, improper anticipatory filings, "by necessity, often take the form of declaratory judgments." Ontel, 899 F. Supp. at 1151. Accordingly, a declaratory suit "is immediately suspect as an improper anticipatory filing because a declaratory action, generally speaking, is essentially the prosecution of an affirmative defense." MedSpring, 2006 WL 581018 at *4. Although not determinative, the fact that ICON filed a declaratory action weighs in favor of the conclusion that its complaint was an improper anticipatory filing.

Further, the court is persuaded that Beachbody delayed filing the California action in a good faith attempt to pursue settlement negotiations. Although Beachbody did not attach a draft complaint to its original demand letter, it did state that the "dissemination by ICON of false and misleading claims is likely to cause serious injury to Beachbody, LLC, and give rise to liability under the federal Lanham Act, FTC regulations, and analogous state false advertising laws," and that if ICON failed to respond by February 4, 2011, Beachbody would "take all necessary and appropriate actions . . . to protect Beachbody, LLC's rights." (Ex. A to Chad Hummel Decl. [Dkt. No. 7-1].) ICON's complaint makes clear that it filed the declaratory judgment action in anticipation of Beachbody's threatened action. ICON, by its own admission, understood Beachbody's February 1 letter as "rais[ing] a reasonable apprehension of the filing of a lawsuit against ICON." (Compl. ¶ 2.) And, significantly, ICON filed its complaint on February 4, the original deadline that Beachbody gave it to respond to the demand letter. See Nacogdoches Oil & Gas, LLC v. Leading Solutions, Inc., No. 06-2551, 2007 WL 2402723, at *3 (D. Kan. Aug. 17, 2007) (unpublished) (finding the fact that plaintiff filed its declaratory judgment action on the deadline defendant had given it to respond to the demand letter a significant factor weighing in

5

favor of the conclusion that the action was an anticipatory filing).

Finally, the court notes that ICON did not serve its declaratory judgment complaint on Beachbody until March 9, one day after Beachbody filed its false advertising complaint. ICON's delay in serving Beachbody, combined with the other factors discussed above, have persuaded the court that this action is an anticipatory filing.

Because ICON's first-filed suit is an anticipatory declaratory action arising out of the same incident and concerning the same issues of liability, the court concludes that the first-to-file rule is not applicable. "Courts have demonstrated reluctance to entertain declaratory judgment actions which have been filed in anticipation of another lawsuit and in an attempt to forum shop." Republic Ins., 791 F. Supp. at 280 (citing Tempco Elec. Heater Corp. v. Omega Eng'g, Inc., 819 F.2d 746 (7th Cir. 1987); Ven-Fuel v. Dep't of the Treasury, 673 F.2d 1194, 1195 (11th Cir. 1982)). Accordingly, the court declines to hear this action and grants Beachbody's motion to dismiss.

## ORDER

For the foregoing reasons, Beachbody's motion to dismiss or, in the alternative, to transfer (Dkt. NO. 5) is GRANTED and ICON's claims for declaratory relief are DISMISSED. Accordingly, the court STRIKES the hearing set for August 10, 2011, and directs the Clerk of Court to close the case.

DATED this 19th day of May, 2011.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge